Mr. Robby L. King, Wildlife Officer c/o Arkansas Game Fish Commission #2 Natural Resources Drive Little Rock, AR 72205
Dear Mr. King:
I am writing in response to your request, made pursuant to A.C.A. § 25-19-105(c)(3)(B) (Supp. 2007), for my opinion regarding whether the decision of the custodian of records to release certain documents in response to a Freedom of Information Act request is consistent with the Arkansas Freedom of Information Act ("FOIA"), A.C.A. §§ 25-19-101 — 109 (Repl. 2002 Supp. 2007). Specifically, a request has been made for information relating to your employment with the Game Fish Commission "in reference to any complaints, reprimands, or disciplinary actions." The correspondence attached to your request indicates that the custodian of records has determined that, after appropriate redactions, four responsive documents are subject to release under the FOIA. You have included these documents for my review. They include two memoranda recounting the basis for the disciplinary action as well as the resolution of the disciplinary action, a citizen complaint form, and an initial incident/investigative report form.
RESPONSE
By law, I am directed to opine whether the custodian's decision on release of personnel records or job performance/employee evaluation records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B). In order to determine whether the records are releasable, it is first necessary to classify them so that the appropriate tests may be applied. As an initial matter, with respect to the incident/investigative report form, in my opinion this record is neither a personnel record nor an employee evaluation/job performance record for the purposes of the FOIA. It is therefore outside my statutory authority and duty under A.C.A. § 25-19-105(c)(3)(B) *Page 2 
to state whether its release is consistent with the FOIA. With respect to the citizen complaint form, in my opinion the custodian has properly determined that this document is a "personnel record" and is releasable. In my opinion, with respect to the two memoranda, these records are job performance/employee evaluation records that the custodian has properly determined are releasable.
The FOIA provides for the disclosure upon request of certain "public records," which the Arkansas Code defines as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2007). Given that you are an employee of the Arkansas Game Fish Commission, I believe that the records requested clearly qualify as "public records" under this definition. As my predecessor noted in Op. Att'y Gen. 99-305 "if records fit within the definition of "public records" . . ., they are open to public inspection and copying under the FOIA except to the extent they are covered by a specific exemption in that Act or some other pertinent law." The relevant exemptions in this instance are the ones for "personnel records" (A.C.A. § 25-19-105(b)(12)) and "employee evaluation or job performance records (A.C.A. § 25-19-105(c)(1)).
While all the documents provided with your request are referred to as "personnel records" by the custodian in the attached correspondence, in my opinion the incident report is neither a "personnel record" nor an "employee evaluation or job performance record," the citizen complaint form is a "personnel record," and the two memoranda are "employee evaluation or job performance" records. *Page 3 
Incident Report
My statutory duty in A.C.A. § 25-19-105(c)(3)(B) requires that I opine within three days on whether a custodian has properly determined whether to release "personnel records" or "employee evaluation or job performance records" under the FOIA. Although the FOIA does not define the term "personnel records," this office has consistently taken the position that "personnel records" are any records other than employee evaluation/job performance records that relate to the individual employee. Op. Att'y Gen. 2006-071. Similarly, the FOIA does not define the term "employee evaluation or job performance records," nor has the phrase been construed judicially. This office has consistently taken the position that any records that were created by or at the behest of the employer and that detail the performance or lack of performance of the employee in question with regard to a specific incident or incidents are properly classified as employee evaluation or job performance records.See, e.g., Ops. Att'y Gen. 2006-038; 2006-035; 2005-030; 2004-211; 2003-073; 98-006; 97-222; 95-351; 94-306; and 93-055. In my opinion, the investigative/incident report is neither a "personnel record nor an employee evaluation or job performance record." See, e.g., Op. Att'y Gen. 2001-144 (opining that a police department incident report did not fall within any exemption to the FOIA). While this document is a "public record," under A.C.A. § 25-19-103(5) set out above, it does not fall within my statutory duty under A.C.A. § 25-19-105(c)(3)(B). I have enclosed a copy of Op. Att'y Gen. 2006-094 that briefly addresses the FOIA's applicability to incident or "offense reports." That opinion notes that at least some redactions may be necessary from the type of report at issue. See id. at n. 2.
Personnel Records
While the correspondence provided with your request describes all of the documents reviewed as "personnel records," in my opinion only the citizen complaint form is properly classified a "personnel record." Although the FOIA does not define the term "personnel records," this office has consistently taken the position that "personnel records" are any records other than employee evaluation/job performance records that relate to an individual employee. Op. Att'y Gen. 2006-071. Unsolicited complaints received from third parties about employees generally are not employee evaluation or job performance records, but might be classified as "personnel records." See, e.g., Op. Att'y Gen. 2006-038; 2006-035; 98-001; and 96-342. *Page 4 
In my opinion the citizen complaint form is a "personnel record" for the purposes of the FOIA. The complaint form clearly relates to an individual employee and was not prepared at the behest of the employer to evaluate the performance of the subject of the complaint, a standard discussed more fully below with respect to employee evaluation/job performance records. Under A.C.A. § 25-19-105, "personnel records" are open to public inspection and copying except "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12) (Supp. 2005).
The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase and adopted a balancing test to determine if it applies, weighing the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v.Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the custodian must disclose the personnel records. As the court noted in Young:
 The fact that section 25-19-105(b)(10) [now subsection 105(b)(12)] exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain "warranted" privacy invasions will be tolerated. Thus, section 25-19-105(b)(10) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section 25-19-105(b)(10) allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interests and disclosure will be favored.
However, as the court noted in Stilley v. McBride, 332 Ark. 306, 312,965 S.W.2d 125 (1998), when "there is little relevant public interest" in disclosure, "it is sufficient under the circumstances to observe that the employees' privacy interest in nondisclosure is not insubstantial." Given that exemptions from disclosure must be narrowly construed, it is the burden of an individual resisting disclosure to establish that his "privacy interests outweighed that of the public's under the circumstances presented." Id. at 313. The fact that the subject of any such records may consider release of the records an unwarranted invasion of personal privacy is not relevant to the analysis. See Ops. Att'y Gen.2001-112; 2001-022; 94-198; 94-178; and 93-055; see also Watkins,supra at 126. The test is an objective one. See, e.g., Op. Att'y Gen.96-133. *Page 5 
The custodian has apparently determined that the public interest in this instance outweighs any potential privacy concerns attached to this document. The complaint form does not contain the kind of "intimate details" of the "personal life" of the subject of the complaint that have been exempted from disclosure.[1] In my opinion, the custodian correctly determined that the citizen complaint form is properly disclosable under the FOIA.
Employee Evaluation of Job Performance Records
The two memoranda enclosed with your request are, in my opinion, properly classified as "employee evaluation or job performance" records.
The FOIA does not define the term "employee evaluation or job performance records," nor has the phrase been construed judicially. This office has consistently taken the position that any records that were created by or at the behest of the employer and that detail the performance or lack of performance of the employee in question with regard to a specific incident or incidents are properly classified as employee evaluation or job performance records. See, e.g., Ops. Att'y Gen. 2006-038; 2006-035; 2005-030; 2004-211; 2003-073; 98-006; 97-222; 95-351; 94-306; and 93-055. The record must also have been created for the purpose of evaluating an employee. See, e.g., Op. Att'y Gen.2006-038; and 2004-012. The exemption promotes candor in a supervisor's evaluation of an employee's performance with a view toward correcting any deficiencies. See J. Watkins R. Peltz, The Arkansas Freedom ofInformation Act (m m Press, 4th ed. 2004) at 196.
According to opinions of this office, documents such as written reprimands and letters of caution, documents supporting a recommendation for suspension or dismissal, letters related to promotions and demotions, and records that were generated as part of an investigation of allegations of the misconduct and that detail incidents that gave rise to such allegations generally fall within the category of "employee evaluations or job performance records." See, e.g., Ops. Att'y Gen.2006-035; 2003-078; 2001-203; 99-147; 93-105; 93-055; 92-231;and 91-324.
"Employee evaluation or job performance records" are releasable only if the following three conditions have been met: *Page 6 
 1. There has been a final administrative resolution of any suspension or termination proceeding;
 2. The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 3. There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1). Employee evaluation or job performance records cannot be released unless each prong of this test has been met.
The correspondence attached to your request does not indicate whether the disciplinary action in question has had a "final administrative resolution." This is a question of fact. If so, records which "form a basis" for a suspension or termination are open to public inspection and copying if there is a "compelling public interest in their disclosure." As stated in Op. Att'y Gen. 2005-175, "[t]his office has concluded on various occasions that any document up to and including a notice of suspension or termination that details the reasons for the disciplinary action should be deemed to have `formed a basis' for that action.See, e.g., Ops. Att'y Gen. 2005-112, 2005-030, 2003-381, 2002-158, 2002-144, 97-415, and 95-171." (emphasis added).
With regard to the last prong of the test, the FOIA does not define the phrase "compelling public interest." However, Professors Watkins and Peltz, referring to this office's opinions on this issue, offer the following guidelines:
 [I]t seems that the following factors should be considered in determining whether a compelling public interest is present: (1) the nature of the infraction that led to suspension or termination, with particular concern as to whether violations of the public trust or gross incompetence are involved; (2) the existence of a public controversy related to the agency and its employees; and (3) the employee's position within the agency. In short, a general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present. However, a link between a given public controversy, an agency associated with the controversy in a specific way, and an employee *Page 7 
within the agency who commits a serious breach of public trust should be sufficient to satisfy the `compelling public interest' requirement.
Watkins and Peltz, supra at 207 (footnotes omitted). Professors Watkins and Peltz also note that "the status of the employee" or "his rank within the bureaucratic hierarchy" may be relevant in determining whether a "compelling public interest" exists. Id. at 206 (noting that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue."). I and my predecessors have previously stated, however, on this general topic, that a compelling public interest likely exists in information reflecting a violation of departmental rules by a "cop on the beat" in his interactions with the public. See Ops. Att'y Gen. 2007-206; and 2006-106. The existence of a "compelling public interest" in disclosure will necessarily depend upon all of the surrounding facts and circumstances.
In my opinion, the custodian has properly determined that the two memoranda attached to your request are disclosable pursuant to the FOIA. With respect to whether there is a compelling public interest in the disclosure of this information, my immediate predecessor opined that there is a compelling public interest in the disclosure of documents that detail violations of "administrative rules and policies aimed at conduct which could undermine the public trust and/or compromise public safety." Op. Att'y Gen. 2005-175 (citing Op. Att'y Gen. 97-400) (quoted in Op. Att'y Gen. 2006-106). I agree with my predecessor.
In my opinion, the custodian correctly determined that the memoranda are disclosable under the FOIA.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] This includes information such as personal histories, religious affiliations, citizenship, marital status, social security numbers, family life information, legitimacy of children, family fights, and alcohol consumption. See, e.g., Ops. Att'y Gen. 95-256; and 94-198.